**LIZARDTECH, INC., Plaintiff– Appellant,**

v.

**EARTH RESOURCE MAPPING, INC., Earth Resource Mapping Pty Ltd., and Earth Resource Mapping Ltd., Defendants–Appellees.**

No. 01–1344.

United States Court of Appeals, Federal Circuit.

May 22, 2002.

Before LOURIE, SCHALL, and GAJARSA, Circuit Judges.

## DECISION

SCHALL, Circuit Judge.

LizardTech, Inc. ("LizardTech") appeals the decision of the United States District Court for the Western District of Washington that dismissed its claims of contributory patent infringement, inducement of patent infringement, and violation of the Washington Consumer Protection Act against Earth Resource Mapping, Inc., Earth Resource Mapping Pty. Ltd., and Earth Resource Mapping Ltd. (collectively "ERM") on the basis of comity. *See LizardTech, Inc. v. Earth Resource Mapping*, No. C00–1985Z, slip op. (Mar. 26, 2001). Specifically, the court held that LizardTech's claims in this suit were duplicative of its allegations of direct patent infringement and violations of the Lanham Act against ERM in another previously filed action in the same district (before a different presiding judge). Because the court's dismissal explicitly depended on the grant of summary judgment of non-infringement in the previously filed action, which we have today reversed in *Lizard-Tech, Inc. v. Earth Resource Mapping, Inc.*, 01–1343, we *reverse* and *remand* for further proceedings.

## DISCUSSION

### I.

On October 6, 1999, LizardTech filed the first action against ERM in the United States District Court for the Western District of Washington, alleging infringement of U.S. Patent No. 5,710,835 ("the '835 patent"), copyright infringement, breach of contract, false designation of origin, false description, and common law trademark infringement. Along with asserting that the "ER Mapper" infringes the '835 patent, LizardTech alleged that ERM, through a related UK entity, unlawfully distributed a portion of LizardTech's MrSID software, published a false and misleading comparison of the parties' competing products, and improperly used LizardTech's MrSID trademark as a meta-tag and Internet keyword to deceive and misdirect customers away from Lizard-Tech and toward ERM.

After the discovery cutoff in that case, on October 5, 2000, LizardTech sought leave to amend its complaint to add causes of action for active inducement to infringe, contributory patent infringement, and violation of the Washington State Consumer Protection–Unfair Business Practices Act. 35 U.S.C. § 271(b), (c) (2000); Washington Revised Code § 19.86.010 (2000). In support of its motion for leave to amend, LizardTech cited the recent acquisition (in depositions) of the facts underlying the new causes of action and the fact that almost four months remained before the scheduled trial date. Notwithstanding these arguments, the district court denied LizardTech's motion for leave to amend its complaint on November 15, 2000.

One week later, on November 22, 2000, LizardTech filed a second action in the United States District Court for the Western District of Washington, incorporating the very causes of action that the court had denied it leave to add to the first action.[1] In due course, the district court in the first action issued an order granting ERM's motion for summary judgment of non-infringement, concluding that, as a matter of law, ERM's ER Mapper product did not infringe the asserted claims of the '835 patent. *LizardTech, Inc. v. Earth*

---

1. After filing the second suit, LizardTech attempted to consolidate the two suits and thus effectively achieve its initially intended goal–precluded by the district court's denial of its motion for leave to amend–of adding the causes of action to the first suit. The district court denied the motion to consolidate.

*Resource Mapping, Inc.,* No. C99–1602C, slip op. at 1 (W.D.Wash. Dec. 12, 2000). After the district court certified the infringement issue for appeal, LizardTech appealed that final judgment in Appeal No. 01–1343.

Following the dismissal of LizardTech's claim for direct patent infringement in the first action, ERM filed a motion to dismiss the second action on the grounds that it was "duplicative of the first action and unduly burdensome." In its March 26, 2001 Order, the district court granted the motion on grounds of comity. After noting the grant of summary judgment of non-infringement to ERM in the previously filed action, the court held that "[w]ith no showing of direct patent infringement, the plaintiff's present claims for contributory patent infringement and active inducement of patent infringement will also fail as a matter of law." *LizardTech,* No. C00–1985Z, slip op. at 2. The court then considered whether, in light of the dismissal of the two patent infringement claims, LizardTech's action could remain viable on the basis of the Washington State law claim alone. The court held that the State law claim was duplicative of the Lanham Act claims that were still pending in the previously filed action, both with respect to the "proof offered to support the claims . . . and damages available to the plaintiff." *Id.* at 4. Accordingly, the court exercised its discretion under the principle of comity, "to avoid the embarrassment of conflicting judgments" and to administer its docket efficiently, by dismissing LizardTech's action with prejudice. *Id.* at 3 (quoting *Church of Scientology v. U.S. Army,* 611 F.2d 738, 749 (9th Cir.1979)). LizardTech filed a timely and separate (from its Appeal No. 01–1343 from the summary judgment of non-infringement) appeal from this dismissal.

In our companion decision in Appeal No. 01–1343, we have reversed the district court's summary judgment of non-infringement in the previously filed action. The parties do not dispute that the district court's dismissal on the grounds of comity both logically and legally depended on that judgment of non-infringement. Therefore, because it was premised on a prior judgment of non-infringement that no longer stands, we reverse the district court's dismissal on the grounds of comity and remand the case to the district court for further proceedings.

Each party shall bear its own costs.